# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 20-94

**STATE OF LOUISIANA**

**VERSUS**

**DESMOND YOUNG**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, DOCKET NO. 62740
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John E. Conery and D. Kent Savoie, Judges.

**SENTENCE VACATED; AND REMANDED FOR RESENTENCING.**

**John V. Ghio, Assistant District Attorney**
**15th JDC District Attorney's Office**
**100 N. State Street, Suite 215**
**Abbeville, LA 70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Mary Constance Hanes**
**Louisiana Appellate Project**
**P.O. Box 4015**
**New Orleans, LA 70178-4015**
**(504) 866-6652**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Desmond Young**

**COOKS, Judge.**

On February 6, 2018, Defendant, Desmond Young, was charged by grand jury indictment with one count of first degree rape of a child under the age of thirteen, in violation of La.R.S. 14:42. On July 18, 2019, Defendant withdrew his plea of not guilty and entered a plea of guilty to the responsive crime of attempted molestation of a juvenile under the age of thirteen. The State presented the following factual basis at Defendant's guilty plea:

> Your Honor, this is an amended charge. If this matter would have gone to trial, the State would have proved beyond a reasonable doubt that on November 3rd, 2017, Mr. Young was caught in the act of attempting to molest a seven-year-old individual.

The State also asserted in its Sentencing Memorandum that Defendant was an eighteen-year-old who lived with his aunt and uncle. The victim was an eight-year-old boy with severe autism. It was stated that the uncle found Defendant straddling the boy with his penis lying on top of the boy's naked buttocks.

On October 31, 2019, the trial court sentenced Defendant to ten years at hard labor, to run concurrently with any other sentence Defendant was presently serving. Defendant was also told he must register as a sex offender for life and was subject to ankle monitoring upon his release from prison. Defendant filed a Motion for Appeal, wherein he alleges the trial court erred in ordering that he be subject to ankle monitoring for life upon his release from prison.

## ANALYSIS

Specifically, Defendant argues the trial court erroneously interpreted La.R.S. 14:81.2(D)(3) to require electronic monitoring for life of a person convicted of the attempted offense rather than the completed offense.

The record reveals at the sentencing hearing, defense counsel objected to the recommendation in the PSI that Defendant be subject to ankle monitoring for the rest of his life. The relevant portion of La.R.S. 14:81.2(D) provides as follows:

D. (1) Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.

. . . .

(3) Upon completion of the term of imprisonment imposed in accordance with Paragraphs (1) and (2) of this Subsection, the offender shall be monitored by the Department of Public Safety and Corrections through the use of electronic monitoring equipment for the remainder of his natural life.

We pretermit discussion of Defendant's assignment of error, as we have discovered an error patent that requires we vacate Defendant's sentence and remand for resentencing. Our review of the trial court's sentence reveals the imposition of the electronic monitoring requirement was indeterminate, in violation of La.Code Crim.P. art. 879. The statutory provision clearly requires the defendant to be monitored by the Department of Public Safety and Corrections for the **remainder of his natural life**. La.R.S. 14:81.2(D)(3) (emphasis added). When the trial court first addressed defense counsel's argument as to ankle monitoring, the trial court stated, "I think, if I am to sentence him today, I'm going to order that he have ankle monitoring for the remainder of his natural life." However, when the trial court actually imposed sentence, it simply stated that Defendant must wear an ankle monitor once he is released from the custody of the Department of Corrections. We find the trial court's failure to state how long Defendant would be subject to the electronic monitoring at the time it imposed sentence renders the sentence indeterminate. That requires we vacate Defendant's sentence and remand the matter back to the trial court for re-sentencing.[1]

_____

[1] In our errors patent review, we also note Defendant failed to allege below the constitutionality of the lifetime requirement for ankle monitoring found in La.R.S. 14:81.2(D)(3). Several states have found such lifetime requirements to be violative of the Fourth Amendment restriction against unreasonable searches. *See Grady v. North Carolina*, 575 U.S. 306, 135 S.Ct. 1368 (2015) (wherein the United States Supreme Court specifically held GPS monitoring of a sex offender constitutes

**DECREE**

For the foregoing reasons, we vacate Defendant's sentence as indeterminate and remand the case for resentencing.

**SENTENCE VACATED; AND REMANDED FOR RESENTENCING**.

---

a search within the meaning of the Fourth Amendment; *State of North Carolina v. Grady*, 831 S.E.2d 542 (N.C. 2019) and reversed and remanded for further disposition in a North Carolina court's lifetime monitoring sentence. The North Carolina Supreme Court, on remand from the United State Supreme Court, ultimately concluded lifetime monitoring violated the Fourth Amendment. Again, in *Park v. State*, 825 S.E.2d 147 (Ga. 2019), the Georgia Supreme Court, in a unanimous opinion, struck down as unconstitutional the statutory requirement that "sexually dangerous predators" who have completed their sentences remain on electronic monitoring for the remainder of their lives.